EX PARTE BILLIE GEORGE MCCUNE
AND BILLIE GEORGE MCCUNE v. STATE.

Nos. 25713, 25020. February 20, 1952.

From Tarrant County—Hon. David McGee, Judge Presiding.

*Douglas Boyd* and *George H. Trenary,* Waco, for relator.

*Stewart W. Hellman,* Criminal District Attorney, *W. H. Tolbert,* Assistant Criminal District Attorney, Ft. Worth, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On March 1, 1950, Billie George McCune, hereinafter called relator, was convicted in the Criminal District Court No. 2 of Tarrant County, Texas, for the crime of rape, with the death penalty assessed. From that judgment an appeal was taken to this court, which we affirmed at a previous term (page 207 of this volume), 240 S. W. 2d 305.

The judgment of the court has not been carried out.

On January 2, 1952, by and through his attorneys, relator applied to the Honorable David McGee, Judge of the Criminal District Court No. 2 of Tarrant County—being the court in which the conviction had been obtained—for the writ of habeas corpus, claiming that relator was illegally restrained of his liberty. In accordance with the provisions of Art. 119, C. C. P., the said Judge McGee granted the application, developed the facts, and has certified all proceedings to this court which appear as No. 25,713, Ex Parte Billie George McCune, upon the docket of this court.

Simultaneously with the filing of the habeas corpus proceedings in this court, relator also filed in the original appeal his

motion to vacate and set aside the judgment of affirmance and to grant a rehearing therein.

The writ of habeas corpus and the motion to re-hear present the same contentions. Reliance upon both the writ of habeas corpus and the motion to re-hear appears to be the result of an abundance of caution by relator against procedural objections. The motion to re-hear and the writ of habeas corpus are consolidated and disposed of together.

If we correctly understand relator's contention, it is that the judgment of conviction should be set aside and a new trial granted because of the following: (a) newly discovered evidence in the nature of impeaching testimony of the prosecutrix and perjury of the prosecutrix as to a collateral issue upon the trial of the case; (b) constructive fraud by state's counsel upon the trial of the case in failing to reveal and call to the attention of counsel for the relator material testimony available to the realtor and not known to relator's council; and (c) the facts developed upon the hearing of the application for the writ of habeas corpus reflecting, when viewed in the light of the trial, a denial to relator of due process of law as guaranteed by both State and Federal Constitutions.

There is no allegation showing nor does the instant record reflect that the judgment of conviction was void, upon its face. To show that the conviction was void or violative of due process, the relator relies upon facts which existed and were known or could have been known at the time of the trial.

It is apparent, therefore, that relator's contention here is an effort to have this court recognize the common law writ of coram nobis and to re-open and re-examine relator's conviction. This we have repeatedly refused to do. Ex Parte Minor, 115 Tex. Cr. R. 634, 27 S. W. 2d 805; Ex Parte McKenzie, 115 Tex. Cr. R. 315, 29 S. W. 2d 771; Hendricks v. State, 122 Tex. Cr. R. 429, 55 S. W. 2d 839; Ex Parte Huddleston, 149 Tex. Cr. R. 388, 194 S. W. 2d 401. In those cases we endeavored to make it clear that the jurisdiction of this court is limited to that of appellate, only, and that the only original jurisdiction possessed by this court is that of the issuance of writs of habeas corpus.

Here, the right of appeal was by relator fully exercised and exhausted at a previous term of this court. Moreover, the use sought to be here made of the writ of habeas corpus amounts

to a substitute for an appeal, which we have repeatedly held to be unavailing.

In this connection, it should be remembered that we do not have a statute in this state similar to those in other states, such as the Illinois Post-Conviction Hearing Act, or to that of the revised Judicial Code by Congress, 28 U. S. C. (Supp. IV.), Sec. 2255, whereby a remedy is provided to meet the situation which relator here seeks to invoke.

What we have said to this point applies to the first two contentions of the relator.

We pass to a discussion of the contention that the record reflects that relator was denied due process of law by his conviction.

There is no question but that this court not only has the power but it is its duty to prevent enforcement of a judgment in a criminal case obtained under circumstances and conditions which constitute a denial of due process of law. We know, also, that if the state provides no remedy whereby a state prisoner may seek redress from imprisonment claimed to be in violation of federal constitutional rights, the federal courts will act to protect such federal rights. Jennings v. Illinois, 96 L. Ed., advance opinion, pp. 105-109.

In Lisenba v. California, 314 U. S. 219, 86 L. Ed. 166, at p. 180, 62 S. Ct. 280, the Supreme Court of the United States defines denial of due process in a criminal trial as "the failure to observe that fundamental fairness essential to the very concept of justice."

We have examined the facts disclosed by this record, and have reached the conclusion that a denial of due process to relator is not shown.

Accordingly, the motion to re-hear and re-open the original conviction is denied, and the relief prayed for by the writ of habeas corpus is denied.

Opinion approved by the court.