**Mark Anthony MAYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–97–00579–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 26, 1998.

George W. Lang, II, Houston, for appellant.

Roe Wilson, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Mark Anthony Maye appeals a denial of a petition for a post-conviction writ of habeas corpus. In two points of error, appellant contends (1) the trial court had no jurisdiction to rescind its first order granting the petition for a writ of habeas corpus upon untimely motion by the state and, (2) the trial court had jurisdiction to grant appellant's first petition for a writ of habeas corpus under article 5, section 8, of the Texas Constitution. We dismiss this appeal for want of jurisdiction.

On September 28, 1996, appellant was ordered confined pursuant to being deported to Jamaica because of his conviction and sentence for a felony. Appellant pleaded guilty to felony possession of marijuana in cause no. 646194 on November 24, 1992, and was given deferred adjudication and probation for six years. The trial court adjudicated appellant's guilt on June 28, 1995, and assessed his punishment at three years imprisonment. No direct appeal was pursued by appellant from his adjudication of guilt and his conviction is final. On January 2, 1997, appellant filed a petition for writ of habeas corpus challenging his conviction on the grounds the trial court did not admonish him that a plea of guilty could result in his deportation pursuant to article 26.13(a)(4), Texas Code of Criminal Procedure. Appellant filed an affidavit with his petition for habeas corpus and alleged he had not been warned of deportation and he would not have entered a plea of guilty had he been admonished of the consequences.

The trial court granted appellant's petition for habeas corpus on January 17, 1997, in the form of a new trial in cause no. 646194. On March 11, 1997, the State, filed a motion for the trial court to reconsider and rescind its January 17, 1997, judgment and dismiss appellant's petition for habeas corpus. In its motion to reconsider, the State alleged the final nature of appellant's conviction in cause no. 646194 was final and the only valid reme-dy available to appellant is by post-conviction application for habeas corpus pursuant to article 11.07, Texas Code of Criminal Procedure. The trial court rescinded its earlier order granting appellant's petition on March 14, 1997, and dismissed appellant's petition for habeas corpus.

In point of error one, appellant contends the State's motion to rescind was untimely filed pursuant to article 44.01(d), Texas Code of Criminal Procedure, which requires the State to file notice of appeal within fifteen days of the date of the order appealed from. The initial order of the trial court granting appellant's petition for habeas corpus and granting him a new trial, was void. Only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Ex Parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim.App.1985). The trial court is without such authority and the order of the trial court granting habeas corpus relief is void. *Id.* Terms of court are now continuous. Tex. Gov't Code Ann. § 24.012(b) (Vernon 1988). A court has full control of its orders or judgments during the term at which they are made, and may, upon sufficient cause shown, in exercise of its sound discretion, amend, correct, revise, supplement, open, or vacate such judgments. *Tobin v. Broadfoot*, 160 Tex.Crim. 190, 268 S.W.2d 162, 164 (1954) (successor district judge had authority to revoke removed district judge's order made in same term). We find the order of the trial court granting habeas corpus relief to appellant by its order of January 17, 1997, was void because the trial court did not have authority to grant such relief in post-conviction habeas corpus cases. *Alexander*, 685 S.W.2d at 60. Likewise, the trial court had authority to revoke this void order on March 14, 1997, and enter judgment on the State's motion dismissing appellant's petition for habeas corpus relief. *Tobin*, 160 Tex.Crim. 190, 268 S.W.2d 162. Appellant's point of error one is overruled.

In point of error two, appellant contends the original order of the trial court granting habeas corpus relief was valid under article 5, section 8, of the Texas Constitution. Arti-

cle 5, section 8, of the Texas Constitution, provides, in pertinent part:

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, *except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court* .... (emphasis added).

Article 11.07, section 5, Texas Code of Criminal Procedure, provides, in pertinent part: "After conviction the procedure outlined in this Act shall be *exclusive* and any other proceeding shall be void and of no force and effect in discharging the prisoner (emphasis added)."

██ Appellant's conviction was final in that he was convicted of felony possession of marijuana upon the State's motion to adjudicate guilt, his sentence was pronounced, and his punishment was assessed at three years imprisonment, and no appeal was taken from this conviction. *Doby v. State*, 383 S.W.2d 418, 419 (Tex.Crim.App.1964), *cert. denied*, 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804 (1965). Appellant has imminent deportation proceedings pending as a result of this conviction and is "in custody" for purposes of article 11.07, Texas Code of Criminal Procedure. *Ex Parte Cervantes*, 762 S.W.2d 577, 578 (Tex.Crim.App.1988).

██ Appellant argues *Ex Parte Hargett*, 819 S.W.2d 866 (Tex.Crim.App.1991), establishes that article 5, section 8, of the Texas Constitution, allows him to pursue post-conviction relief to challenge "collateral legal consequences of a conviction." In *Hargett*, the appellant sought habeas corpus relief in the trial court and alleged continued restraint in the form of impairment of his right to military-retirement benefits. Appellant in that case filed his first writ of habeas corpus pursuant to article 11.07, seeking post-conviction habeas corpus relief. The court of criminal appeals dismissed the first writ under article 11.07 because appellant was not "in custody" and therefore the court did not have jurisdiction under article 11.07. The court of criminal appeals held the appellant could appeal the trial court's denial of habeas corpus relief where the trial court had conducted a hearing on the merits and made a ruling on the merits of appellant's application pursuant to article 5, section 8, Texas Constitution. There is nothing in *Hargett* that indicates article 5, section 8, habeas corpus relief may be sought by an appellant who is seeking post-conviction relief and is "in custody." *Hargett* addressed this right of an appellant seeking post-conviction relief when he was *not* in custody or under "restraint." *Id.* at 867. *Hargett* would apply in those cases where the applicant is *not* in custody but is seeking to challenge "collateral legal consequences" *other* than custodial restraint. Appellant seeks habeas corpus relief because he is in custody of the federal government pending deportation. Habeas corpus relief because of the failure of the trial judge to warn appellant under article 26.13(a)(4) of the consequences of deportation may be available but *only* pursuant to article 11.07 which provides "after conviction the procedure outlined in this Act shall be exclusive and *any other proceeding shall be void* and of no force and effect in discharging the prisoner." *See also Ex Parte Tovar*, 901 S.W.2d 484, 486 (Tex.Crim.App.1995) (applicant seeking post-conviction habeas corpus relief under article 11.07, Texas Code of Criminal Procedure, for applicant's failing to receive statutory warnings that guilty plea by noncitizen could result in deportation, must establish that lack of admonishment affected his decision to enter guilty plea). Although the application for the writ is to be filed in the trial court in which the conviction was obtained, it must be made returnable to the Court of Criminal Appeals. *Smith v. Lynaugh*, 792 S.W.2d 110, 112 (Tex.App.—Houston [1 st Dist.] 1990, no pet.). The procedure outlined in article 11.07, § 2, Texas Code of Criminal Procedure, is the exclusive post-conviction remedy for habeas corpus relief from confinement resulting from the conviction. *Id.* Accordingly, this court has no jurisdiction and we must dismiss. *Id.* Appellant's point of error two is overruled and this cause is dismissed for want of jurisdiction.