Andrew Niles GORDON, Appellant,

v.

David Drew GORDON, Appellee.

No. 10–05–00051–CV.

Court of Appeals of Texas, Waco.

March 30, 2005.

Andrew Niles Gordon, Huntsville, pro se.

Vance Dunnam, Jr., Dunnam & Dunnam, LLP, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Appellant, Andrew Niles Gordon, attempts an appeal from a judgment dated November 9, 2004, in favor of Appellee, David Drew Gordon. On December 23, Andrew filed with the trial court a pro-se motion for extension of time to file his brief. He mailed an "Appellant's Brief" to this court on January 11, 2005, and we filed it on January 25. Because the document evidenced Gordon's desire to appeal, we docketed the appeal even though we had no record of a separate notice of appeal having been filed. *See In re B.G.*, 104 S.W.3d 565, 568 (Tex.App.-Waco 2002, order). Also on January 25, the clerk of this Court sent a letter to Andrew stating "it appears that Gordon's appeal is subject to dismissal for want of jurisdiction because the appeal was filed more than 30 days after the date the judgment was signed. Therefore, the Court may dismiss the appeal, unless, within 10 days after the date of this letter, a response is filed showing grounds for continuing the appeal." On February 1, the clerk of this Court sent a letter to Andrew stating that the original filing fee of $125.00 is past due, and payment must be received within 10 days or "this cause will be presented to the Court for dismissal of this appeal in accordance with TEX.R.APP. P. 42.3(c)." Andrew sent a response on February 7 (filed on February 11), stating that he filed his appeal in a

timely manner, but he filed it with the trial court. The trial court never received a notice of appeal. In his February 7 response, he also included a "Motion for Leave to Proceed In Forma Pauperis."

An affidavit of indigence must be filed in the trial court with or before the notice of appeal. Tex.R.App. P. 20.1(c)(1). The appellate court may grant an extension of time to file the affidavit, if, within 15 days after the deadline for filing the affidavit, a motion for extension is filed. *Id.* 20.1(c)(3). Even if we consider the motion for extension of time to file his appellant's brief, filed on December 23, 2004, or the "Appellant's Brief," mailed on January 11, 2005, as the notice of appeal, Andrew's affidavit of indigence was not filed "with or before the notice of appeal." Also, considering either filing as a notice of appeal, the affidavit was not filed within 15 days of these filings.[1] Thus, Andrew's affidavit of indigence is untimely, and we dismiss this appeal for failure to comply with a notice from the clerk to pay the filing fee. *See id.* at 42.3(c).

The clerk is authorized to write off the filing fee as uncollectible.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

Very few documents have been filed or received at this point in this appeal. From what we have, I have been able to piece together the following time-line:

| Date | Description |
| --- | --- |
| 10/29/04 | Docket entry of hearing |
| 11/02/04 | Motion for New Trial |
| 11/02/04 | Motion to Reinstate |
| 11/08/04 | Notice of Appeal |
| 11/09/04 | Judgment signed |
| 12/23/04 | Motion Extension of Time to File Brief |
| (12/17/04) | (mailed above motion) |
| 02/07/04 | Appellant's Brief filed |
| 02/07/04 | Appellant's Motion for Leave to Proceed in Forma Pauperis |
| 02/07/04 | Declaration of Inability to Pay Cost |

1. So, contrary to the concurring opinion's implication, we could not imply a motion to extend.

The motion for new trial and the notice of appeal both appear to be prematurely filed as they were filed prior to the signing of the judgment. Tex.R.App. P. 12.1 and 12.2. But there can be no question the notice of appeal was timely for the purpose of invoking our jurisdiction. Tex.R.App. P. 27.1.

But the Court's holding overrules the procedure we followed in *In the Interest of K.K., L.M., M.M., and T.K.,* 10–04–00303–CV (letter order) that allowed a late filed indigence affidavit after the receipt of a reasonable explanation and reset the timetable to contest that affidavit. I am very reluctant to overrule a procedure so recently established. But I will join the decision, making it a unanimous holding that if the indigence affidavit is not timely filed, and no extension to consider the late filed indigence affidavit is timely filed, the case must be dismissed if the filing fee remains unpaid.

With these remarks, I join the Court's opinion and judgment.