**Richard R. REYES, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00087–CR.**

Court of Appeals of Texas,
Waco.

May 11, 2005.

---

Richard R. Reyes Sr., Lovelady, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

## DISSENTING OPINION

TOM GRAY, Chief Justice, dissenting.

We issued an opinion on March 23, 2005, in this appeal. I concurred without a separate opinion in the judgment which dismissed the appeal. It now has become necessary for me to explain why I agreed with the original disposition of the appeal and why I now must dissent.

It was immediately obvious to me upon reading the first sentence of the Memorandum Opinion that the case had been improperly designated as a criminal appeal. The first sentence of the Opinion reads "Richard R. Reyes, Sr. appeals from the trial court's December 1, 2004, denial of his request for medical records." The first paragraph proceeds to explain the procedural history of the case as follows: "We sent a letter to Reyes on February 8, 2005 stating that the appeal is subject to dismissal for want of jurisdiction. No response has been received." Based upon this history, I could agree to dismiss this appeal for at least four reasons:

1. The only document in our files which could conceivably be a notice of appeal was filed over 60 days after the order about which Reyes's complaint is made. Thus, it would be untimely

even with an implied motion for extension of time under *Verburgt. Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

2. Based upon the information in the file, the request for medical records was part and parcel to Reyes's effort to bring a civil action against certain state officials and the State of Texas, and possibly county officials as well, the denial of such records thus being an interlocutory discovery order over which we have no jurisdiction. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992).

3. As, what I believe to be, a civil appeal, Reyes failed to pay the filing fee, and therefore a dismissal was proper. *See Gordon v. Gordon,* 167 S.W.3d 61, 2005 WL 762671, 2005 Tex.App. LEXIS 2576 (Tex.App.-Waco March 30, 2005, no pet. h.).

4. Reyes's failure to respond to the correspondence provided an independent basis for dismissal pursuant to the Rules of Appellate Procedure. *See* TEX.R.APP. P. 42.3(c).

Based upon any of these shortcomings, a judgment of dismissal was appropriate; and specifically, a dismissal for want of jurisdiction was proper under items 1 and 2. The majority, rather than treat this appeal as a civil case, treated it as a criminal case stating that we had jurisdiction of an appeal in a criminal case "only when expressly provided by law;" and finding no such expression, the majority dismissed the appeal for want of jurisdiction.

The problem that now presents itself is that the majority wants to treat a document filed in response to our judgment as a petition for discretionary review and forward it to the Court of Criminal Appeals. Accordingly, it has become necessary for me to explain why I believe this to be an erroneous course of proceeding.

In the document Reyes filed January 31, 2005, which was treated as a notice of appeal, Reyes makes the following statement: "I am asking for the right to file claim and tort claim and other facts (pro se) Texas Tort Claim Act & ask the courts for mercy & question nunc pro tunc etc. to decisions of mercy, and relief, the same as the courts recognize stated facts of abuse in the courts." While his self-crafted pleadings are, to say the least, difficult to decipher, they clearly contemplate a civil action against the State and various state employees and possibly the county as well. But of course this is the document that came to us as a notice of appeal, not the clerk's record from the underlying proceeding. The reason I cannot review the clerk's record from the underlying proceeding is because this case was dismissed before the time to file that record came to pass.

This brings me to the document filed by Reyes after this Court dismissed his appeal. Reyes, on April 14, 2005, tendered a document for filing entitled "Petition for Coram Nobis" which is dated March 31, 2005. This, too, is a self-crafted document which is difficult to decipher, but I believe what Reyes is trying to tell us is that we have made a mistake of fact in characterizing his appeal as a criminal case. A writ of coram nobis is defined as "2. A writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." *Black's Law Dictionary* 338 (7th ed. West 1999). Thus, this document would properly be characterized as a motion for rehearing asking this Court to review its own judgment, not a petition for discretionary review in which the review would be conducted by a higher court.

Further, I believe that what Reyes is trying to do is call our attention to an error of fact. The fact we are in error about is treating this as a criminal case.

It is not. It is a civil case. It is the appeal of an administrative grievance process from the denial of copies of medical records. At least that is what it appears to be based upon the attachments to the petition for coram nobis.

I would grant the writ, effectively a motion for rehearing, and withdraw our opinion and judgment and order the cause number changed to reflect that it is a civil case, not a criminal case. I would then reevaluate the procedural posture of the appeal to determine the appropriate notices that need to be sent to get this appeal back on track as a civil case. Specifically, if Reyes filed anything with the trial court that could be characterized as a notice of appeal prior to the document filed with this Court, Reyes's notice of appeal may have been timely. Further, if any document which could be characterized as a motion for new trial was timely filed by Reyes in the trial court, he would have the extended time frame of 90 days within which to file his notice of appeal; therefore, his notice of appeal would have been timely. *See* TEX.R.APP. P. 26.1(a).

In the final analysis, until we have properly characterized this appeal as a civil appeal, and go through the appropriate procedures for disposition, it will only further complicate the procedural posture of this case. I pause here to note that if this were truly a criminal case being appealed, our first inquiry should be: Why is this person not represented by an attorney?

My failure to note my disagreement with the characterization of this case was the result of my effort to avoid a disagreement which, at the time, I thought would not advance the ultimate disposition of this appeal. Based upon the reasons as stated above, I felt that the appeal was properly being dismissed. It now appears that my effort to avoid conflict with the other members of the Court on what I initially perceived as an immaterial issue, has only resulted in further complications of this particular appeal and reinforces my general practice of noting my dissent based upon what other persons may believe to be immaterial or inconsequential issues. For the delay and additional issues created in this proceeding, I most humbly apologize, but I can no longer join the Court's memorandum opinion and judgment dated March 23, 2005, which dismissed this appeal as a criminal case for want of jurisdiction.

I respectfully dissent.[1]

## CONCURRING OPINION

BILL VANCE, Justice, concurring.

Richard Reyes has filed additional pleadings, addressed to the Court of Criminal Appeals, which we will forward to that Court as a petition for discretionary review. TEX.R.APP. P. 68. We are not issu-

---

1. In addition to the Petition for Coram Nobis, Reyes filed a motion for leave to file a Petition for Writ of Mandamus accompanied by a Petition for Writ of Mandamus. The documents were mailed to the Clerk of the Tenth Court of Appeals. The documents are styled as if they would be filed in the Court of Criminal Appeals. And the text of the documents is addressed to the "Judges of McLennan County." From these documents, it is clear that Reyes is working with an outdated rule book, but that is about the only thing clear in these pleadings. It appears the mandamus is sought against various state employees other than judges. The only court, if any, that would have jurisdiction of a mandamus of these persons would be a district judge in the county where the ministerial act, if any, should have been performed. I cannot agree that this document should also be forwarded to the Court of Criminal Appeals as a part of a petition for discretionary review. We should forward it to the district courts of Houston County where the Eastham Unit, in which Reyes is incarcerated, is located.

ing an opinion to "correct or modify" our prior opinion dismissing this cause for want of jurisdiction. *Id.* 50. Thus, Chief Justice Gray's dissenting opinion is not issued under Rule 50; rather, he now decides that he does not agree with his own decision in the original opinion in the case. In light of that, I write to further explain the original opinion and why we have no jurisdiction over this criminal appeal.[1]

Reyes was convicted in 1999 in trial court cause number 1998–807–C of aggravated assault with a deadly weapon. We affirmed that judgment under our cause number 10–99–00226–CR. Reyes' petition for discretionary review was refused.

Although Reyes's notice of appeal did not include a copy of the trial court's order that he now appeals from, he hand-wrote a copy of the order:

No. 1998–807–C

ORDER [sic]

Came on to be considered on December 1, 2004, that certain document designated by the defendant as follows:

Request for medical records (pro se)

And after review of same, the court is of the opinion that the same should be and is in all respects <u>DENIED</u>.

Signed on December 1, 2004

By George H. Allen

Judge Presiding

Filed 2004 Dec–1 PM 12:35 Karen C. Matkin District Clerk McLennan Co. TX

Reyes clearly filed his request for medical records under the trial court cause number for his criminal case in the 54th District Court of McLennan County, the court which convicted him, and we do not have jurisdiction to review his appeal of the order denying his request. The fact

that Reyes may have been requesting his medical records to potentially pursue a Tort Claims Act case is irrelevant, because he filed his request as a post-conviction motion in his criminal case. Thus, we dismissed this appeal for want of jurisdiction. *See Kelly v. State,* 151 S.W.3d 683, 685 (Tex.App.-Waco 2004, no pet.).

Reyes's documents entitled "Petition for Coram Nobes" and "Motion for Leave to File Application for Writ Mandamus," addressed to the Court of Criminal Appeals, could only be asking for a review of our dismissal opinion. We must follow appellate rule 68 and forward the documents to the Court of Criminal Appeals as a petition for discretionary review. *See* Tex.R. App P. 68.

---

**1.** Frankly, it seems improper to dissent two months later to an opinion one joined when