## In re Richard Ray REYES, Sr.

### No. 10–05–00234–CR.

Court of Appeals of Texas,
Waco.

July 13, 2005.

Richard Ray Reyes, Sr., Lovelady, pro se.

Harold J. Liller, Asst. Atty. General–State of Texas, Austin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Richard Reyes has filed a Petition for Coram Nobis, which "is a writ of error directed to a court for review of its own judgment and predicated on alleged errors of fact." Black's Law Dictionary 362 (8th ed.2004). Reyes also filed a motion for appointment of counsel to represent him.

In 1952, the Court of Criminal Appeals observed:

In the recent case of *Ex parte McCune*, 156 Tex.Cr.App. 213, 246 S.W.2d 171, we had occasion to adhere to our prior holdings that the common-law writ of coram nobis has no application in this state and that the right to re-open and re-examine a prior final conviction does not exist in this state.

*Ex parte Massey*, 157 Tex.Crim. 491, 249 S.W.2d 599 (1952); *see also Martinez v. State*, 419 S.W.2d 369 (Tex.Crim.App.1967) (petition for writ of coram nobis denominated by Court as an application for a writ of habeas corpus).

We find nothing that has changed that rule. We have no authority to entertain a

post-conviction application for writ of habeas corpus. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.2004–2005); *Ex parte Geiken*, 28 S.W.3d 553 (Tex.Crim. App.2000). Accordingly, Reyes's petition and this cause are dismissed for want of jurisdiction. In addition, the motion seeking appointment of counsel is dismissed as moot.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. Tex.R.App. P. 12.1(b); Appendix to Tex. R.App. P., Order Regarding Fees (July 21, 1998); *see also* Tex.R.App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov't Code Ann. §§ 51.207(b), 51.901 (Vernon 2005). Under these circumstances, we suspend the rules and order the Clerk to write off all unpaid filing fees in this case. Tex. R.App. P. 2.

Chief Justice GRAY, dissenting.

TOM GRAY, Chief Justice, dissenting.

For the reasons set out in my dissenting opinion dated May 11, 2005 in *Reyes v. State*, 166 S.W.3d 333 (Tex.App.-Waco, no pet. h.) (Gray, C.J., dissenting, May 11, 2005), I dissent to the Memorandum Opinion in this proceeding. The Court of Criminal Appeals has returned the document that we forwarded to it which we received after we issued our earlier opinion. *See Reyes v. State*, 166 S.W.3d 333 (Tex.App.-Waco, no pet. h.) (Vance, J., concurring, May 11, 2005) (regarding forwarding the documents to the Court of Criminal Appeals as a Petition for Discretionary Review).

The Court of Criminal Appeals indicated they had determined the document to be a petition for writ of mandamus. Upon its return, the majority split the document and filed two mandamus proceedings, *In re Reyes*, 10–05–00234–CR (this proceeding) and *In re Reyes*, No. 10–05–00246–

CV, 2005 WL 1478906, 2005 Tex.App. LEXIS 4854 (Tex.App.-Waco, June 22, 2005, orig. proceeding).

I believe the self-crafted document filed in this proceeding labeled Petition for Writ of Coram Nobis is actually a motion for rehearing applicable to *Reyes v. State*. *Reyes v. State*, 166 S.W.3d 333 (Tex.App.-Waco 2005, no pet. h.) (Gray, C.J., dissenting, May 11, 2005). While the Court of Criminal Appeals characterized the document forwarded to it as a petition for writ of mandamus, maybe the Court of Criminal Appeals and I are looking at two different parts of the document received from Reyes for filing at the same time. *See Reyes v. State*, 166 S.W.3d 333, 335 n. 1 (Tex.App.-Waco 2005, no pet. h.) (Gray, C.J., dissenting, May 11, 2005). The majority has disposed of the other document as a petition for writ of mandamus as the Court of Criminal Appeals had also characterized it. *See In re Reyes*, No. 10–05–00246–CV, 2005 WL 1478906, 2005 Tex. App. LEXIS 4854 (Tex.App.-Waco, June 22, 2005, orig. proceeding).

Now, however, in its opinion, the majority has changed the characterization of the document filed in this proceeding from a writ of mandamus, as we had notified Reyes when it was returned, split, and filed, to a writ of habeas corpus, upon the basis that a petition for writ of coram nobis has previously been held to be a petition for writ of habeas corpus. Majority Op., p. 127, *citing Martinez v. State*, 419 S.W.2d 369 (Tex.Crim.App.1967). We should do what the Court of Criminal Appeals did in *Martinez* and look at the substance of the pleading and decide the issue, including sometimes, what the document itself is. In this case, it appears that this is a motion for rehearing of Reyes's original appeal which we dismissed. *See Reyes v. State*, No. 10–05–00087–CR, 2005

WL 675629, 2005 Tex.App. LEXIS 2265 (Tex.App.-Waco, March 23, 2005, no pet. h.). Thus, this part of the document, assuming it was proper to separate it from the petition for writ of mandamus, is a motion for rehearing. I would grant the rehearing and correct the designation so that the original appeal is designated as a civil appeal, not a criminal appeal, and proceed from there to address the merits or otherwise properly dispose of that civil appeal. *See id.*, (Gray, C.J., dissenting, May 11, 2005).

It is almost humorous to note that the last paragraph of the opinion is necessary only if this is designated a civil proceeding. That is what I contend it is. If it is a criminal proceeding, as the majority has maintained that it is, the last paragraph has no place in this proceeding.

I dissent.