IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00316-CV

 

In re
Estate of Robert B. Sneed

 

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

          Charles Harris, appellant, did not pay
the original filing fee for his appeal and did not timely file an affidavit of
indigence.  See Tex. R. App. P.
20.1(c)(1).  The Clerk of this Court notified Harris by letter that a $125
filing fee was due within 10 days from the date of the letter to prevent
dismissal of his appeal.  

          More than 10 days have passed, and we
have received no notice of Harris’s compliance with the Clerk’s directive.   

          Harris’s appeal is dismissed.  See
Tex. R. App. P. 42.3(c); see
Gordon v. Gordon, 167 S.W.3d 61 (Tex. App.—Waco 2005, no pet.).

          Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998).  See
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 6; Tex. Gov’t Code Ann. §§ 51.207(b) and 51.901
(Vernon Supp. 2004-2005).  Under these circumstances, we suspend the rule and
order the Clerk to write off all unpaid filing fees that are currently owed by
Harris in this case.  Tex. R. App. P.
2.  

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed September 21, 2005

[CV06]






160;                                

MEMORANDUM OPINION
                                                                                                                
 
      A jury convicted Harry Parrish of assaulting two correctional officers. Parrish pleaded “true”
to an enhancement allegation, and the jury assessed his punishment at thirteen years’ imprisonment
on each count. Parrish contends in his sole point that the court abused its discretion by denying
his challenge for cause as to two members of the venire who stated that they would vote to convict
even if the State failed to prove venue.
      Although Parrish challenged these two jurors for cause, he did not exercise peremptory
challenges against them after the court denied the challenges for cause.
To preserve error on denied challenges for cause, an appellant must demonstrate on
the record that: 1) he asserted a clear and specific challenge for cause; 2) he used a
peremptory challenge on the complained-of venireperson; 3) all his peremptory
challenges were exhausted; 4) his request for additional strikes was denied; and 5) an
objectionable juror sat on the jury.

Sells v. State, ___ S.W.3d ___, No. 73,993, slip op. at 13, 2003 Tex. Crim. App. LEXIS 63, at
*18 (Tex. Crim. App. Mar. 15, 2003); accord Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim.
App. 2003); Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); Mathis v. State, 67
S.W.3d 918, 922 (Tex. Crim. App. 2002); Wright v. State, 28 S.W.3d 526, 534 (Tex. Crim. App.
2000); but see Johnson v. State, 43 S.W.3d 1, 5-6 & n. 6 (Tex. Crim. App. 2001) (identifying
the 2nd thru 4th factors listed above as indicative of whether the defendant was harmed by the
erroneous denial of a challenge for cause and stating in the footnote, “In the past we have confused
preservation of error and harm issues within the context of an erroneous denial of a challenge for
cause.”).
      Because Parrish did not exercise peremptory challenges against the two jurors of which he
complains on appeal, he failed to preserve this issue for our review. Id. Thus, we overrule his
sole point.
      We affirm the judgment.
 
                                                                   TOM GRAY
                                                                   Chief Justice
Before Chief Justice Gray,
      Justice Vance, and
      Judge Allen (Sitting by Assignment)



Affirmed
Opinion delivered and filed December 31, 2003
Do not publish
[CR25]