In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00047-CV


______________________________








IN THE INTEREST OF ALEXIS MEGAN RAY, A MINOR CHILD








 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 63264




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Leah Marie Rolen, appellant, has filed with this Court a motion to dismiss the
pending appeal in this matter. She represents to this Court that the parties have reached
a full and final settlement. In such a case, no real controversy exists, and in the absence
of a controversy, the appeal is moot.

 We grant the motion and dismiss this appeal.


 Donald R. Ross

 Justice


Date Submitted: October 24, 2006 

Date Decided: October 25, 2006





, even from a final
appealable order. We dismiss this appeal for want of jurisdiction.

 Even if a writ of error coram nobis was available to Moses--and it was not available (1)--we
see no indication that the county court has ruled on Moses' request. We have jurisdiction only over
appeals from certain types of orders and final judgments. The right of appeal in a criminal case is
a substantive right determined solely within the province of the Legislature. Lyon v. State, 872
S.W.2d 732, 734 (Tex. Crim. App. 1994). "A defendant in any criminal action has the right of
appeal under the rules hereinafter prescribed." Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon
2006). Generally, a criminal defendant may appeal only from a final judgment. See State v. Sellers,
790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); Ahmad v. State, 158 S.W.3d 525, 527 (Tex.
App.--Fort Worth 2004, pet. ref'd). The clerk's record reveals that no final order or judgment exists
in this case. Thus, there is no ruling to appeal, and we have no jurisdiction over this proceeding.

 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 24, 2007

Date Decided: September 25, 2007


Do Not Publish
1. In Texas, a habeas proceeding is the exclusive means to set aside a conviction in a collateral
proceeding; neither the writ of error coram nobis nor the writ of audita querela is available in Texas
to accomplish this purpose. See McBride v. State, 114 S.W.3d 556, 557 (Tex. App.--Austin 2002,
no pet.); see also Ex parte McCune, 156 Tex.Crim. 213, 246 S.W.2d 171, 172 (1952) (writ of error
coram nobis not available in Texas as post-conviction remedy); Ex parte Mendenhall, 209 S.W.3d
260, 261 (Tex. App.--Waco 2006, no pet.).

 A defendant convicted of a misdemeanor offense may seek habeas relief in the county court
of the county where the misdemeanor was charged to have been committed. See Tex. Code Crim.
Proc. Ann. arts. 11.09, 11.21, 11.22 (Vernon 2005). We acknowledge that an examination of the
language of Article 11.09 reveals that it is permissive, not mandatory. The Texas Court of Criminal
Appeals has held that it was advisory in nature and that it was thus not sufficient to deprive the
district court of its jurisdiction to hear post-conviction habeas corpus petitions in cases involving
misdemeanors.  State  ex  rel.  Rodriguez  v.  Onion,  741  S.W.2d  433,  434  (Tex.  Crim.  App.
1987); Ex parte Johnson, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978); Ex parte Tarango, 116
S.W.3d 201, 202 (Tex. App.--El Paso 2003, no pet.); In re Maxwell, 970 S.W.2d 70, 74 (Tex.
App.--Houston [14th Dist.] 1998, no pet.). An individual may seek to attack the validity of a
conviction by way of habeas corpus if he or she is either (i) confined or restrained as a result of a
misdemeanor charge or conviction or (ii) is no longer confined, but is subject to collateral legal
consequences resulting from the conviction. Ex parte Crosley, 548 S.W.2d 409, 409-10 (Tex. Crim.
App. 1977); Ex parte Rinkevich, 222 S.W.3d 900, 902 (Tex. App.--Dallas 2007, no pet.); see Ex
parte McCullough, 966 S.W.2d 529, 531-32 (Tex. Crim. App. 1998).