IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00311-CR

 

In re
Carl Long

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          Carl Long seeks a writ of mandamus
compelling Respondent, the Honorable John H. Jackson, Judge of the 13th District Court of Navarro County, to address and resolve certain issues identified in a
remand order of the Court of Criminal Appeals.  Specifically, Long contends
that Respondent failed to address four of at least twelve issues the Court of
Criminal Appeals identified in an order issued by that Court on December 7,
2005 in a post-conviction habeas proceeding.  See Ex parte Long, No.
WR-34,986-06, 2005 WL 3307083 (Tex. Crim. App. Dec. 7, 2005) (not designated
for publication).  However, because Long’s complaint arises from a post-conviction
habeas proceeding under article 11.07 of the Code of Criminal Procedure and
because this Court does not have jurisdiction to entertain such a proceeding,
Long’s complaint should be directed to the Court of Criminal Appeals. 
Accordingly, we will deny the petition.

          The on-line case information for
Long’s habeas proceeding in the Court of Criminal Appeals, docketed under cause
no. WR-34,986-06, reflects that the Court received Long’s habeas application in
October 2005.  On December 7, the Court issued an order requiring Respondent to
conduct a hearing and make findings on at least twelve issues so the Court
could address the merits of the habeas application.  See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3(d) (Vernon 2005).

          According to Long, Respondent
conducted this hearing on March 2.  The Court of Criminal Appeals received a
reporter’s record and other supplemental documents in May, and the writ
application was submitted for decision on May 23.  Based on Respondent’s
findings, the Court of Criminal Appeals denied Long’s writ application without
a written order on June 14.[1]  The
Court denied Long’s motion for reconsideration on June 27.

          Article 11.07, section 5 of the Code
of Criminal Procedure provides, “After conviction the procedure outlined in this
Act shall be exclusive and any other proceeding shall be void and of no force
and effect in discharging the prisoner.”  Tex.
Code Crim. Proc. Ann. art. 11.07, § 5 (Vernon 2005).  Thus, the Court of
Criminal Appeals and lower courts have recognized that “the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a
writ of habeas corpus pursuant to [article] 11.07.”  Olivo v. State, 918
S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); accord In re Harrison, 187
S.W.3d 199, 200 (Tex. App.—Texarkana 2006, orig. proceeding); McBride v.
State, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.); Maye v.
State, 966 S.W.2d 140, 143 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

          Long ultimately seeks to have his
felony conviction set aside as a result of the relief sought in this mandamus
proceeding.  However, an article 11.07 writ of habeas corpus is the exclusive
means to accomplish this objective in a collateral proceeding.  Although such
an application must be filed with the trial court, the writ, which issues by
operation of law, “must be made returnable to the Court of Criminal Appeals.”  Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3 (Vernon 2005).  Therefore, this Court does not have jurisdiction to
entertain a post-conviction felony habeas application.  See In re Reyes,
195 S.W.3d 127, 127-28 (Tex. App.—Waco 2005, orig. proceeding); Maye,
966 S.W.2d at 143; see also McBride, 114 S.W.3d at 557.

           Because Long’s complaint arises from a
post-conviction felony habeas proceeding and because this Court does not have
jurisdiction to entertain such a proceeding, Long’s complaint should be
directed to the Court of Criminal Appeals.  See DeLeon v. District Clerk,
187 S.W.3d 473, 473-74 (Tex. Crim. App. 2006) (granting mandamus relief where
district clerk refused to file post-conviction habeas application).

          Accordingly, we deny the mandamus
petition.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Petition denied

Opinion delivered and
filed December 6, 2006

Do not publish

[OT06]

 









[1]
          The Court of Criminal Appeals
appears to have been satisfied with the manner in which Respondent addressed
the issues identified by the December 7 remand order.