Dismissed and Memorandum Opinion filed March 12, 2009








Dismissed
and Memorandum Opinion filed March 12, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00203-CR

____________

 

EX PARTE WARREN
PIERRE CANADY

 

 



 

On Appeal from the 182nd District
Court

Harris County, Texas

Trial Court Cause No. 9420592

 



 

M E M O R A N D U M   O P I N I O N








In 1996,
this Court affirmed appellant=s felony theft conviction.  See Canady v. State, 1996
WL 490613, No. 14-95-00734-CR (Tex. App.CHouston [14th Dist.] Aug. 29, 1996,
no pet.) (not designated for publication).  After his release from the
Institutional Division of the Texas Department of Criminal Justice, appellant
filed a post-conviction application for writ of habeas corpus on January 8,
2009.  See Rodriguez v. Court of Appeals, 769 S.W.2d 554, 557 (Tex.
Crim. App. 1989); Ex parte Renier, 734 S.W.2d 349, 353 (Tex. Crim. App.
1987) (holding that a person who is not confined but is suffering some
collateral consequence as a result of a final felony conviction may seek habeas
corpus relief from the district court pursuant to article V, section 8 of the
Texas Constitution).  On January 20, 2009, the trial court made a notation on
the application that it was Anot properly filed.@  Appellant is attempting to appeal
this denial.[1]

This
Court lacks jurisdiction over this attempted appeal.  Although an application
for a writ of habeas corpus is to be filed in the trial court in which the
conviction was obtained, it must be made returnable to the Court of Criminal
Appeals.  Maye v. State, 966 S.W.2d 140, 143 (Tex. App.CHouston [14th Dist.] 1998, no pet.). 
The Court of Criminal Appeals has exclusive jurisdiction to grant post‑conviction
habeas relief in felony cases.  See id. 

Accordingly,
we dismiss the appeal.

 

PER CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant, who is pro se, has also filed a petition
for writ of mandamus complaining of the same action.  His original proceeding
has been docketed under our case number 14-09-00173-CR, styled In re Warren
Pierre Canady.