Opinion issued November 17, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00152-CR

———————————

Aundri Lewis, Appellant

V.

The State of
TExas, Appellee



 



 

On Appeal from the 230th District Court 

Harris County, Texas



Trial Court Case No. 1024294-A

 



 

MEMORANDUM OPINION

A jury found appellant, Aundri Lewis,
guilty of aggravated assault with a deadly weapon. See Tex. Pen.Code Ann. § 22.02 (Vernon
2006). Appellant pleaded true to two felony enhancements, and the jury assessed
his punishment at 45 years’ confinement. 
This Court affirmed appellant’s conviction.  See
Lewis v. State, No. 01-05-00518-CR, 2006 WL 3751408 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (not designated for publication). 

On February 7, 2011, appellant filed a notice of appeal in
this Court attempting to appeal “from the finding of facts, Conclusion of Law,
and Order to Transmit Habeas Corpus Record (Post Conviction Application).”  Thus, appellant is attempting to appeal to
this Court from the trial court’s denial of his post-conviction writ of habeas
corpus.

Although
the application for writ of habeas corpus is to be filed in the trial court in
which the conviction was obtained, it must be returnable to the Court of
Criminal Appeals. See Tex. Code
Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2010). Only the Court of
Criminal Appeals possesses authority to grant relief in post-conviction habeas
proceedings when, as here, there is a final felony conviction. Id. This
Court lacks jurisdiction over an appeal from the trial court’s denial
of a petition for writ of habeas corpus seeking post-conviction relief from
confinement for a felony conviction. See Ex parte Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983)
(recognizing that courts of appeals have appellate jurisdiction over appeals
from post-conviction writs in misdemeanor, not felony cases), see also Maye
v. State, 966 S.W.2d 140, 143 (Tex. App.—Houston [14th Dist.] 1998,
no pet.).



Accordingly,
we dismiss the appeal for want of jurisdiction. 
We dismiss any pending motions as moot.

PER CURIAM

Panel consists of Justices Keyes, Higley, and
Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).