

## NUMBER 13-21-00093-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ROSENDO PADILLA JR.,                                              Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the County Court at Law No. 2
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Chief Justice Contreras**

Appellant Rosendo Padilla Jr. filed a notice of appeal from trial court cause number

11-CCR-6405-B in the County Court at Law No. 2 of Cameron County, Texas. We dismiss

the appeal for want of jurisdiction.

## I.     BACKGROUND

On November 15, 2011, the trial court signed appellant's judgment of conviction for a misdemeanor offense regarding an accident involving damage to a vehicle. *See* TEX. TRANSP. CODE ANN. § 550.022(b). On June 13, 2018, appellant filed a motion requesting the trial court to declare that appellant's judgment of conviction was void under the common law writ of coram nobis. On March 9, 2021, the trial court denied appellant's motion. On April 1, 2021, appellant filed this appeal regarding the trial court's ruling and filed a "motion for extension of time to appeal."

On April 1, 2021, the Clerk of this Court notified appellant that it appeared that the order he was attempting to appeal was not appealable, and that the appeal would be dismissed if the defect were not corrected within thirty days. Appellant filed a response to the Court's notice asserting that we have jurisdiction over the appeal and requesting the preparation of the reporter's records for the underlying trial court proceedings.

## II.     CORAM NOBIS

A petition for writ of coram nobis is a writ of error directed to a court requesting it to review its own judgment based on alleged errors of fact. *See In re Reyes*, 195 S.W.3d 127, 127 (Tex. App.—Waco 2005, orig. proceeding); *see coram nobis*, BLACK'S LAW DICTIONARY (11th ed. 2019). "The purpose of the writ of error coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition." *Ex parte McKenzie*, 29 S.W.2d 771, 772 (Tex. Crim. App. 1930) (orig. proceeding) (per curiam). The common law writ of coram nobis has no application in Texas. *Ex parte Massey*, 249 S.W.2d 599,

2

601 (Tex. Crim. App. 1952) (orig. proceeding); *Ex parte McCune*, 246 S.W.2d 171, 172 (Tex. Crim. App. 1952) (orig. proceeding); *In re Reyes*, 195 S.W.3d at 127; *see also In re Rios*, No. 13-17-00182-CR, 2017 WL 1479432, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2017, orig. proceeding) (mem. op.); *In re J.M.W.*, No. 12-17-00091-CV, 2017 WL 1246858, at *1 (Tex. App.—Tyler Apr. 5, 2017, orig. proceeding) (mem. op. per curiam); *In re Parker*, No. 03-17-00183-CV, 2017 WL 1228891, at *1 (Tex. App.—Austin Mar. 31, 2017, orig. proceeding) (mem. op.).

With limited exceptions, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Skillern v. State*, 355 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Saliba v. State*, 45 S.W.3d 329, 329 (Tex. App.—Dallas 2001, no pet.); *Bridle v. State*, 16 S.W.3d 906, 908 n.1 (Tex. App.—Fort Worth 2000, no pet.); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). In this regard, we have no jurisdiction to consider an appeal from a denial of a writ of coram nobis. *See Ex parte McCune*, 246 S.W.2d 171, 172; *see also Armenta v. State*, No. 13-16-00518-CR, 2016 WL 6520185, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2016, no pet.) (mem. op., not designated for publication) (concluding that the court lacked jurisdiction over an appeal from a denial of a writ of coram nobis); *Goodwin v. State*, No. 03-10-00341-CR, 2010 WL 2867337, at *1 (Tex. App.—Austin July 21, 2010, no pet.) (mem. op., not designated for publication) (dismissing an appeal of a trial court's order denying a petition for writ of error coram

nobis for want of jurisdiction).

### III. CONCLUSION

The Court, having examined and fully considered the notice of appeal, the record, and the applicable law, is of the opinion that we lack jurisdiction over the appeal. Accordingly, we dismiss this appeal for want of jurisdiction. Appellant's motion for extension of time to appeal and appellant's amended motion seeking to obtain the appellate record are likewise dismissed for want of jurisdiction.

DORI CONTRERAS<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of June, 2021.