# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00018-CR

**Ex parte Billy George Williams**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 47,890-F, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

Billy George Williams seeks to appeal the district court's order denying relief on a writ of habeas corpus. We conclude that the district court was not authorized to consider the merits of Williams's writ application, and we will dismiss the appeal.

It is helpful to briefly review the procedural history of this cause. On June 26, 1998, Williams pleaded guilty to felony failure to appear. *See* Tex. Penal Code Ann. § 38.10 (West 2003). The district court adjudged him guilty and, pursuant to a plea bargain agreement, assessed a five-year prison sentence to begin when Williams's ten-year sentence in Bell County cause number 46,483 ceased to operate. The district court's order states that Williams challenged his conviction in cause number 47,890 in four unsuccessful post-conviction applications for writ of habeas corpus pursuant to article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2005). In July 2006, Williams filed a fifth habeas corpus application, this time invoking article V, section 8 of the Texas Constitution. The 264th District Court refused to issue the writ, and Williams appealed to

this Court. We dismissed the appeal for want of jurisdiction, citing the established rule that no appeal lies from the denial of a writ of habeas corpus. *Ex parte Williams*, No. 03-06-00498-CR (Tex. App.—Austin Sept. 14, 2006) (mem. op., not designated for publication); *see Ex parte Gonzales*, 12 S.W.3d 913, 914 (Tex. App.—Austin 2000, pet. ref'd).

The instant habeas corpus application was filed in the 27th District Court on September 7, 2006. It, too, purports to be based on article V, section 8, which provides that district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court . . . ." Tex. Const. art. V, § 8; *see also* Tex. Code Crim. Proc. Ann. arts. 11.05, .08 (West 2005). On December 7, 2006, the district court signed a written order denying Williams the relief sought in his writ application. This appeal followed. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991) (holding that habeas corpus applicant may appeal denial of relief on merits).

The State argues that the district court did not have jurisdiction to entertain Williams's habeas corpus application pursuant to article V, section 8 because, under the circumstances of this case, the court of criminal appeals has exclusive habeas corpus jurisdiction under article 11.07 of the code of criminal procedure. Article 11.07 provides that after a final felony conviction, the writ of habeas corpus must be made returnable to the court of criminal appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a). Under the statute, the habeas corpus application is filed in the district court, but that court does not decide the merits of the application. Instead, the district court determines whether there are unresolved facts material to the legality of the applicant's

confinement, makes any necessary findings of fact, and forwards the record to the court of criminal appeals for a final ruling on the application for relief. *Id*. § 3(c), (d), § 5. Article 11.07 also provides that "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." *Id*. § 5.

Article 11.07 is applicable only when the habeas corpus applicant is confined. *Rodriguez v. Court of Appeals*, 769 S.W.2d 554, 557 (Tex. Crim. App. 1989); *Ex parte Renier*, 734 S.W.2d 349, 353 (Tex. Crim. App. 1987). A person who is not confined but is suffering some collateral consequence as a result of a final felony conviction may not use article 11.07, but he may seek habeas corpus relief from the district court pursuant to article V, section 8. *Rodriguez*, 769 S.W.2d at 557; *Renier*, 734 S.W.2d at 353.[1] Thus, the rule is this: a person who is not in custody but who is experiencing an adverse collateral consequence arising from a final felony conviction may seek relief by writ of habeas corpus in the district court pursuant to article V, section 8. *See Maye v. State*, 966 S.W.2d 140, 143 (Tex. App.—Houston [14th Dist.] 1998, no pet.). But article 11.07 is the exclusive procedure by which a person in custody may seek post-conviction habeas corpus relief from a final felony conviction. *See id*.

---

[1] The pertinent distinction is between "custody" or "confinement" on the one hand, and "restraint" on the other. "Custody" and "confinement" mean the actual physical detention of the person. Tex. Code Crim. Proc. Ann. art. 11.20 (West 2005). "Restraint" means "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." *Id*. art. 11.21. An adverse collateral consequence arising from a conviction may constitute "restraint" entitling a person to habeas corpus relief, but it is not "custody" triggering the application of article 11.07. *See Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex. Crim. App. 1991); *Ex parte Renier*, 734 S.W.2d 349, 351-53 (Tex. Crim. App. 1987); *see also* 43B George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 47.04 (2d ed. 2001).

3

In a pro se brief responding to the State's argument, Williams asserts that he is not confined pursuant to cause number 47,890.[2] Attached to the pro se reply brief are documents reflecting that Williams is still serving the ten-year prison sentence he received in cause number 46,483 and that his sentence in cause number 47,890, the conviction challenged here, will not begin to operate until October 2007. This does not render article 11.07 inapplicable. It is not necessary that the article 11.07 applicant be confined as a result of the conviction he seeks to challenge; article 11.07 applies when the habeas corpus applicant is in custody pursuant to a felony conviction even if that is not the conviction challenged. *Renier*, 734 S.W.2d at 352-53; *see* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c).

Because Williams is imprisoned as a result of a final felony conviction, article 11.07 provides the exclusive procedure by which he may seek post-conviction habeas corpus relief from his conviction in cause number 47,890. Under the circumstances, the district court's order is void and presents nothing for this Court to review.

The appeal is dismissed.

---

[2] Williams's habeas corpus application was filed pro se, but an attorney was appointed by the district court to represent him in this appeal. We consider Williams's pro se reply brief in the interest of justice.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed

Filed:   July 27, 2007

Publish