# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00626-CR

### Ex parte Pedro Palomo Lucio

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT**
**NO. CR-89-0437, HONORABLE GARY L. STEEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Pedro Palomo Lucio seeks to appeal the district court's order denying relief on a writ of habeas corpus. Because the district court was not authorized to consider the merits of Lucio's writ application, we will dismiss the appeal.

In April 1990, Lucio pleaded guilty to theft in the cause referenced above. He was adjudged guilty and sentenced to five years' imprisonment as called for in a plea bargain agreement. In his pro se writ application filed February 9, 2009, Lucio sought to have this conviction set aside on the ground that he did not waive his right to have punishment assessed by a jury. On September 28, 2009, the district court denied relief, and appellant gave notice of appeal to this Court.

Lucio's writ application purports to invoke the district court's habeas corpus jurisdiction under article V, section 8 and article 11.05. Tex. Const. art. V, § 8; Tex. Code Crim. Proc. Ann. art. 11.05 (West 2005). A person who is not in custody but who is experiencing some adverse collateral consequence as a result of a final felony conviction may seek habeas corpus relief from the district court pursuant to article V, section 8. *Ex parte Williams*, 239 S.W.3d 859, 861

(Tex. App.—Austin 2007, no pet.).  But if a person is in custody, article 11.07 governs the procedure by which he may seek post-conviction habeas corpus relief from a final felony conviction.  *Id*. at 861-62; *see* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2009).  That Lucio has fully discharged his sentence in cause number CR-89-0437 does not render article 11.07 inapplicable because Lucio remains in prison.  Article 11.07 applies when the applicant is in custody pursuant to a felony conviction, even if it is not the conviction challenged.  *Williams*, 239 S.W.3d at 862.

Because Lucio is in custody pursuant to a felony conviction, exclusive habeas corpus jurisdiction has been given to the court of criminal appeals by article 11.07.  Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3(a), 5.  Under that statute, the habeas corpus application is filed in the district court, but that court does not decide the merits of the application.  Instead, the district court makes any necessary findings of fact and forwards the record to the court of criminal appeals for a final ruling on the application for relief.  *Id*. §§ 3(c), (d), 5.

The appeal is dismissed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:  May 14, 2010

Do Not Publish