# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00026-CV

### In re Charles A. Malouff, Jr.

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Charles A. Malouff, Jr., an inmate appearing pro se, has filed an original application for writ of habeas corpus in this Court, relating to his 2013 conviction for securing a document by deception, a felony. Malouff is serving a 15-year sentence as a result of his conviction. Malouff sought habeas relief in federal court, but, according to Malouff, his application was dismissed without prejudice by the federal court to allow him to pursue habeas relief in state court. In this proceeding, Malouff asks the Court to grant his writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, vacate his conviction, and remand his case for a new trial.

We do not have jurisdiction over Malouff's request. This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. *See* Tex. Gov't Code § 22.221(d). Moreover, article 11.07 of the Code of Criminal Procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 11.07, § 5; *Board of Pardons & Paroles ex rel. Keene v. Court*

*of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin 2007, no pet.). The intermediate courts of appeals have no jurisdiction in criminal law matters pertaining to proceedings initiated under article 11.07. *Ex parte Garcia*, No. 03-14-00292-CR, 2014 WL 3893030, at *1 (Tex. App.—Austin Aug. 8, 2014, orig. proceeding) (mem. op., not designated for publication); *see In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss this original proceeding for want of jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed:   January 23, 2015