ACCEPTED
03-14-00681-CR
4389121
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/5/2015 3:53:26 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00681-CR

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/5/2015 3:53:26 PM

JEFFREY D. KYLE
Clerk

## IN RE ROBERT LEE BROWN

APPEAL FROM THE 167TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D-1-DC-00-002368

## STATE'S BRIEF

ROSEMARY LEHMBERG
DISTRICT ATTORNEY
TRAVIS COUNTY, TEXAS

M. SCOTT TALIAFERRO
TEXAS BAR NO. 00785584
ASSISTANT DISTRICT ATTORNEY
DIRECTOR, APPELLATE DIVISION
DISTRICT ATTORNEY'S OFFICE
P.O. BOX 1748
AUSTIN, TEXAS 78767
PHONE: 512.854.3626   FAX: 512.854.4810
EMAIL:   scott.taliaferro@traviscountytx.gov
          AND AppellateTCDA@traviscountytx.gov

**THE STATE DOES NOT REQUEST ORAL ARGUMENT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................ii

STATEMENT OF THE CASE ..........................................................................2

STATEMENT REGARDING ORAL ARGUMENT.....................................................4

STATEMENT OF FACTS ...............................................................................4

SUMMARY OF THE ARGUMENTS ....................................................................7

THE STATE'S MOTION TO DISMISS ................................................................7

THE STATE'S REPLY TO THE APPELLANT'S BRIEF .......................................9

THE APPELLANT'S BRIEF FAILS TO FAILS TO ARTICULATE ANY CLAIM OVER WHICH THIS COURT HAS JURISDICTION. ..........................................................9

PRAYER ...............................................................................................14

CERTIFICATE OF COMPLIANCE....................................................................15

CERTIFICATE OF SERVICE..........................................................................15

i

## INDEX OF AUTHORITIES

**Cases**

*Brown v. State*, No. 03-00-00534-CR, 64 S.W.3d 94 (Tex. App.—Austin 2001) 4, 7

*Dukes v. State*, No. 04-11-00106-CR, 2011 Tex. App. LEXIS 1886 (Tex. App.—
San Antonio March 16, 2011) (not designated for publication) ............................8

*Ex parte Alexander*, 685 S.W.2d 57 (Tex. Crim. App. 1985) ................................13

*Ex parte Williams*, 239 S.W.3d 859 (Tex. App.—Austin 2007)............................13

*Hankins v. State*, 132 S.W.3d 380 (Tex. Crim. App. 2004) ...................................11

*Medearis v. State*, No. 03-12-00698-CR , 2013 Tex. App. LEXIS 9269 (Tex.
App.—Austin July 26, 2013) (not designated for publication).............................8

*Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115 (Tex. Crim.
App. 2013) ..........................................................................................................13

*Wyatt v. State*, 23 S.W.3d 18 (Tex. Crim. App. 2000) .............................................11

**Statutes**

Tex. Code Crim. Proc. art. 64.03 ............................................................................12

Tex. Code Crim. Proc. art. 11.07 § 4 .....................................................................13

Tex. Code Crim. Proc. art. 11.07 § 5 .....................................................................13

Tex. Code Crim. Proc. art. 64.01 ..................................................................... passim

Tex. Code Crim. Proc. art. 64.05 ............................................................................11

**Rules**

Tex. R. App. P. 25.2.............................................................................................7, 8

Tex. R. App. P. 38.1..............................................................................................11

**NO. 03-14-00681-CR**

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

**IN RE ROBERT LEE BROWN**

APPEAL FROM THE 167TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER D-1-DC-00-002368

**STATE'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas, by and through the District Attorney for Travis County,

respectfully submits this brief in response to that of the appellant.

1

# STATEMENT OF THE CASE

On September 30, 2013, the appellant, acting *pro se*, filed a motion seeking post-conviction DNA testing under article 64.01 of the Texas Code of Criminal Procedure. 1 CR 3.[1] In a document filed in support of that motion, the appellant also requested appointment of counsel. 1 CR 6.

The State opposed the motion for DNA testing and also opposed the request for appointment of counsel. 1 CR 10. On October 3, 2014, the trial court denied the appellant's motion for DNA testing and also denied the request for appointment of counsel. 1 CR 30. The trial court made the following findings and conclusions:

> **Findings of Fact**
> 1. A jury found the Applicant guilty of aggravated robbery, and the trial court judge sentenced him to thirty-two years of confinement.
> 2. Evidence at trial supported the jury's determination of guilt, and two witnesses testified that the Applicant was the perpetrator.
> 3. Even if DNA testing uncovered the profile of an additional person or failed to uncover the Applicant's DNA, such evidence would not constitute affirmative evidence of the Applicant's innocence.

---

[1] NOTE CONCERNING REFERENCES TO THE APPELLATE RECORD:
A citation in the form of "*x* CR *y*" refers to page *y* of volume *x* of the Clerk's Record. A citation in the form of "*x* RR *y*" refers to page *y* of volume *x* of the Reporter's Record.

**Conclusion of Law**
1. The Applicant failed to prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.
2. With regard to the Applicant's motion for the appointment of counsel. The requirements of article 64.01(c) of the Texas Code of Criminal Procedure have not been satisfied. See Tex. Code. Crim. Proc. art. 64.01(c). As a consequence this Court is not required to appoint counsel. *See id*.

1 CR 30-31.[2]

On October 20, 2014, the appellant filed a notice of appeal in relation to the trial court's order denying the appellant's motion for post-conviction DNA testing. In his notice of appeal, the appellant requested that counsel be appointed to assist him in the appeal. 1 CR 35. On October 30, 2014, the trial court denied that request for appointment of counsel. 1 CR 41. On November 20, 2014, the appellant filed a second notice of appeal, expressing a desire to appeal from an order denying his motion to conduct DNA testing.[3] 2 CR 3.

---

[2] A second order denying that motion was filed by the trial court later on that same date. Unlike the first order, the second order does not deny the appellant's request for appointment of counsel. *See* 1 CR 24-25.

[3] The appellant's second notice of appeal expresses a desire to appeal "from an 'Order Denying Motion to conduct DNA Testing', Entered in this Action on the 4th day of November 2014." 2 CR 3. The record does not appear to contain an order matching that particular description. *See* 1 CR 24, 30 (orders pertaining to DNA testing, both of which were issued on October 3, 2014).

3

## STATEMENT REGARDING ORAL ARGUMENT

The State respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments. Accordingly, the State does not request oral argument.

## STATEMENT OF FACTS

The appellate record in this case does not contain a reporter's record. However, the facts underlying the appellant's conviction for aggravated robbery were summarized by this Court in its opinion relating to the appellant's direct appeal.[4] That opinion contains the following factual and procedural summary:

> On September 30, 1999, Brown, his girlfriend, Sonya Holder, and two other men planned to rob Pete Arevalo, a sixty-year-old man who owned and operated Arevalo Truck and Automotive. They wanted to steal money and crack cocaine from Arevalo because Brown's cousin was incarcerated and needed money to get out of jail. Holder made her living as a prostitute and had been meeting with Arevalo every week for the past four years to exchange sexual favors for money and crack cocaine. Holder testified that she considered Arevalo a friend and that he had never hurt her.
>
> Brown and the two other men decided to rob Arevalo because Holder said she knew where he kept his money and drugs. Holder agreed to help them get into Arevalo's apartment. On the night of September 30,

---

[4] On direct appeal, the sole issue raised by the appellant was that the trial court erred in denying his motion to suppress the in-court identification by the victim. *Brown v. State*, No. 03-00-00534-CR, 64 S.W.3d 94, 97 (Tex. App.—Austin 2001). The trial court's judgment was affirmed by this Court. *Id*. at 102.

4

Holder knocked on Arevalo's door. Arevalo got out of bed and only saw Holder as he looked through the door's peephole. Holder told him that she needed to use the restroom, and he let her into the apartment.

Holder entered the apartment, and the three men followed her. One man said to Arevalo, "We want to sell you a gun." A second man displayed a chrome pistol. Arevalo told the men that he was not interested. Arevalo testified that the first man suddenly punched him and then threw his arms around him. While the first man held Arevalo, the second man pistol-whipped him several times. The second man then pointed the gun at Arevalo's face and asked where he kept his money. Arevalo testified that he swung his body around in order to bring the first man between himself and the second attacker. The two assailants responded by punching and pistol-whipping Arevalo several times. Arevalo finally submitted and told the two men where his money was located.

Arevalo testified that he was suddenly able to free himself from the first man's grasp and ran to his bedroom where he kept a 12-gauge pump shotgun. The bedroom was well lit, and Arevalo said that he could see his assailants coming for him. Another struggle ensued between Arevalo and the two men. Arevalo attempted to fire the shotgun twice, but it misfired each time. The second man assaulted Arevalo with the pistol several more times and took the shotgun from him. The second man then gave the handgun to the first man, who also pistol-whipped Arevalo. The third man yelled that they needed to leave, at which point all three men fled. Before leaving the bedroom, however, the second man pointed the shotgun at Arevalo's stomach. Arevalo testified that the second man attempted to fire the shotgun, but it misfired again. During the robbery, Holder neither aided Arevalo nor participated in the assault.

After the attackers left his apartment, Arevalo dialed 911. The emergency medical services took Arevalo to Brackenridge Hospital for treatment. His injuries included eight lacerations on his head, one deep laceration near his left eye, numerous abrasions on his torso, extensive bruising on his arms, chest, and under his armpits, three chipped teeth, and one tooth severed at the gum line. Arevalo

described one assailant as a dark-skinned African-American male and the other as a light-skinned African-American male about eighteen to twenty years old. He told the police that the lighter skinned man was the one who initially pistol-whipped him, took the shotgun from him, and attempted to shoot him. Arevalo later identified this man as Brown. The darker skinned man, who was never identified, also pistol-whipped Arevalo during the struggle.

Shortly after Arevalo made his statement, the police arrested Holder for her involvement in the robbery. She identified the three men with her that night as Robert, Quincy, and Sean. Holder knew Robert because they had been seeing each other for a few months and were having sexual relations and smoking crack cocaine together. Although Holder did not know Robert's last name, she thought he had a brother named Kevin Caldwell. With that information, the police discovered Robert Brown, the half-brother of Kevin Caldwell. Holder positively identified Brown when the police showed her a picture of him.

The police made a photographic lineup containing Brown's photo, which they showed to Arevalo. After Arevalo identified Brown, whom he had previously described as a light-skinned black male, the police issued an arrest warrant for him.

Brown was charged by indictment on April 18, 2000, with the felony offense of aggravated robbery with a deadly weapon, enhanced with five prior felony convictions in a single enhancement paragraph. On May 1, 2000, Brown was arraigned and entered a plea of not guilty. On May 5, 2000, the jury found Brown guilty of the offense of aggravated robbery. Brown elected to have the trial court assess his punishment, and it imposed a prison sentence of thirty-two years.

Brown is a dark-skinned African-American male. He complains that because his picture in the photographic lineup was overexposed, his skin appeared unusually light in complexion. Brown believes that this identification procedure was suggestive and resulted in mistaken identification. Furthermore, he contends that he was chosen by Arevalo because he had the lightest complexion among the other pictures in the lineup. He asserts one point of error: the trial court

erred in denying the motion to suppress the in-court identification by the victim.

*Brown v. State*, No. 03-00-00534-CR, 64 S.W.3d 94, 97-98 (Tex. App.—Austin 2001).

## SUMMARY OF THE ARGUMENTS

It appears from the content of the appellant's brief that he seeks to assert a claim that is somehow related to post-conviction DNA testing.  The appellant's claim, however, should be rejected because it is inadequately briefed. In addition, this appeal must be dismissed because the record does not contain a certification by the trial court of the appellant's right to appeal.

## THE STATE'S MOTION TO DISMISS

The State respectfully requests that the instant appeal be dismissed because the trial court has not certified that the appellant has the right to appeal.  Under Rule 25.2(d) of the Texas Rules of Appellate Procedure, an appeal must be dismissed if the appellate record does not reflect certification, by the trial court, that the appellant has the right to appeal.  That rule provides as follows:

> (d)  Certification of Defendant's Right of Appeal. --If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se*

7

petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). <u>The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules</u>.

Tex. R. App. P. 25.2(d) (emphasis added).

The rule applies to an appeal from an order denying a motion for post-conviction DNA testing. *See Medearis v. State*, No. 03-12-00698-CR , 2013 Tex. App. LEXIS 9269 (Tex. App.—Austin July 26, 2013) (not designated for publication); *Dukes v. State*, No. 04-11-00106-CR, 2011 Tex. App. LEXIS 1886 (Tex. App.—San Antonio March 16, 2011) (not designated for publication).

In the instant case, the appellate record does not contain any such certification.  Consequently, this appeal "must be dismissed."  Tex. R. App. P. 25.2(d).

8

## THE STATE'S REPLY TO THE APPELLANT'S BRIEF

THE APPELLANT'S BRIEF FAILS TO FAILS TO ARTICULATE ANY CLAIM OVER WHICH THIS COURT HAS JURISDICTION.

### Argument and Authorities

The claim that the appellant attempts to assert in his brief should be rejected for the reasons that follow:

1. Nature of the appellant's claim

The nature of the appellant's claim is unclear but appears to relate somehow to Chapter 64 of the Texas Code of Criminal Procedure and the subject matter of that chapter, post-conviction DNA testing. The appellant's brief is entitled, "Applicant's Memorandum In Support For DNA Testing Under Article 64.01 (a-1) and (b) Tex. Code Crim. Proc." App. Br. 1. In addition, the appellant claims that this Court has "complete jurisdiction in accordance with Article 64.01(a-1) and (b)." App. Br. 1.

The appellant's statement of facts includes, *inter alia*, the following assertions:

> This is the third attempt to exhaust his remedies based on actual innocence. This memorandum in Law of support has the necessary argument and authorities that need to be litigated and the applicant is also hope that actual innocence was never argued in his previous writ because he did not have the proper evidence that the records reveals and therefore would like this opportunity to exhaust these arguement before they are presented to the Federal Court.

9

\*\*\*

Even though the applicant realizes that this application and brief in support can be construed as a successive application but <u>the motion for leave</u>[5] is also filed to ask the permission of this Honorable Court in order to prove actual innocence and deceptive police tactics and prejudice on behalf of the prosecution in charge of the case and the misconduct of the tribunal for then allowing such miscarriage of justice to take place. It is the duty of the Trial Court to seek the truth and to right any wrongs that have taker, place in the judicial system and the applicant believes that this application and brief in support will bring the needed attention to warrant an evidentiary hearing in order for justice to be done.

App. Br. 1-2 (emphasis and footnote added).

At the conclusion of his brief, the appellant makes the following prayer for

relief:

Wherefore, Premises Considered, Applicant humbly prays that this Honorable Court will grant the <u>Motion For Successive Petition</u>[6] and allow him the one and only opportunity to prove that he has the Evidence in this application and in the Memorandum to show that he has standing to be granted relief and that a Evidentiary Hearing is the only way that he can proceed to show his innocence.

---

[5] Among the documents attached to the appellant's brief is a document entitled, "APPLICANT'S MOTION FOR LEAVE OF COURT TO FILE SUCCESSIVE APPLICATION FOR AN APPLICATION FOR WRIT OF HABEAS CORPUS IN ACCORDANCE WITH ARTICLE 11.07 §4(A)(1(2) OF THE TEXAS CODE OF CRIMINAL PROCEDURE." That document, which purports to have been signed by the appellant on May 28, 2009, is addressed to the judges of "the Court of Criminal Appeals of Austin, Texas." It contains a certificate of service that indicates that the document was being mailed to the Travis County district clerk. Another document attached to the appellant's brief is a habeas application that purports to have been signed by the appellant on that same date.

[6] Please see footnote 5.

App. Br. 3 (emphasis and footnote added).

2. <u>The appellant's claim should be rejected because it is inadequately briefed</u>

It appears that the appellant may be attempting to assert, in this appeal, a challenge to the order denying his motion for post-conviction DNA testing, his claim should be overruled. The appellant claims that this Court has jurisdiction by virtue of article 64.01(a-1) and (b). App. Br. 1; *see* Tex. Code Crim. Proc. art. 64.05 (captioned "Appeals"). The appellant also asserts that an order denying DNA testing is an appealable order. App. Br. 2.

But even if it is assumed, *arguendo*, that the appellant is attempting to pursue such an appellate challenge pursuant to article 64.05, his claim must fail because it is inadequately briefed. In particular, the appellant's brief does not expressly challenge the order denying his motion for DNA testing. Nor does his brief contain any arguments or authorities in support of such a challenge. For this reason, any claim relating to that order has been improperly briefed and should be rejected. *See* Tex. R. App. P. 38.1(f), (i); *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) ("Because appellant does not provide any argument or authority in support of this contention, it is inadequately briefed"); *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000) ("We will not make appellant's

11

arguments for him" where "appellant points us to nothing in the record, makes no argument, and cites no authority to support this proposition").

If the appellant is attempting to assert any some other appellate claim, that claim is likewise inadequately briefed.

3. <u>If the appellant is asking this Court to order post-conviction DNA testing, that request should be rejected</u>

As was pointed out above , the appellant claims that this Court has jurisdiction by virtue of article 64.01(a-1) and (b).  App. Br. 1.  However, it is only "the convicting court" that is granted the authority to order post-conviction DNA testing.  Tex. Code Crim. Proc. art. 64.01(a); *see, e.g., id.*, 64.03.  The appellant has not cited, and undersigned counsel has not found, any constitutional or statutory provision that authorizes an appellate court to order such testing.  If the appellant's brief is construed as requesting such an order from this Court, the request must be rejected.

4. <u>The appellant's claim should be rejected to the extent that he seeks an order granting or affecting his ability to obtain habeas relief</u>

In his prayer for relief, the appellant asks this Court, *inter alia*, to "grant the Motion For Successive Petition and allow him the one and only opportunity to prove that he has the Evidence in this application and in the Memorandum to show that he has standing to be granted relief and that a Evidentiary Hearing is the only

12

way that he can proceed to show his innocence." App. Br. 3. A copy of a motion for leave of court to file a successive habeas application is attached to the appellant's brief. That motion, however, is not currently pending before this Court. The motion is addressed to the judges of "the Court of Criminal Appeals of Austin, Texas." It contains a certificate of service that indicates that the document was being mailed to the Travis County district clerk.

Significantly, the relief requested by the appellant cannot properly be granted here because this Court lacks jurisdiction to grant it. The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *Ex parte Williams*, 239 S.W.3d 859, 861-62 (Tex. App.—Austin 2007); Tex. Code Crim. Proc. art. 11.07 § 5. Accordingly, this Court has no jurisdiction to issue an order that would enable the appellant to circumvent the rule that restricts the ability of other courts to consider the merits of, or grant relief based on, subsequent habeas applications. *See* Tex. Code Crim. Proc. art. 11.07 § 4. Thus, the appellant's claim should be rejected to the extent that he seeks an order of this Court that

13

either grants habeas relief or enlarges the statutorily restricted ability of other courts to grant such relief.

## **PRAYER**

WHEREFORE, the State hereby requests that the Court dismiss the instant appeal.

Respectfully submitted,

Rosemary Lehmberg
District Attorney
Travis County, Texas

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro
Texas Bar No. 00785584
Assistant District Attorney
District Attorney's Office
P.O. Box 1748
Austin, Texas  78767
Phone: 512.854.3626   Fax: 512.854.4810
Email:  scott.taliaferro@traviscountytx.gov
   and AppellateTCDA@traviscountytx.gov

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based on the computer program used to generate this brief, that this brief contains 2,675 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count. I certify, further, that this brief is printed in a conventional, 14-point typeface except for footnotes, any and all of which are printed in a conventional, 12-point typeface.

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of March, 2015, a copy of the foregoing State's brief was sent, via U.S. mail, to the appellant at the following address:

Robert Lee Brown
TDCJ #927915
Eastham Unit
2665 Prison Road #1
Lovelady, TX  75851

*/s/ M. Scott Taliaferro*
M. Scott Taliaferro