# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00448-CR

**Robert Martin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. D-1-DC-95-95530, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Martin, an inmate proceeding pro se, appeals from an order denying his motion to vacate his conviction for want of jurisdiction. After considering Martin's brief and the record before us, we conclude that we lack jurisdiction over his appeal. *See In re Garcia*, 363 S.W.3d 819, 821 (Tex. App.—Austin 2012, no pet.) ("As an appellate court, we have the power to determine *sua sponte* the threshold issue of whether we have jurisdiction over the appeal.").

In 2001, a jury convicted Martin of aggravated sexual assault, and the district court sentenced him to life in prison and a $10,000 fine. This Court affirmed the judgment of conviction. *See Martin v. State*, No. 03-02-00435-CR, 2003 WL 21087732 (Tex. App.—Austin May 15, 2003, pet. ref'd) (mem. op., not designated for publication). Earlier this year, Martin filed with the district court a pro se "Motion to Dismiss for Want of Jurisdiction" arguing that his conviction was void

because the district court lacked jurisdiction to try him. The district court denied the motion. This appeal ensued.

This is not the first time that Martin has filed a post-trial motion seeking to vacate his conviction because the district court allegedly lacked jurisdiction. In 2009, Martin filed a "Motion to Set Aside and Vacate a Void Judgment" arguing his conviction was void because the indictment was invalid. *Martin v. State*, No. 03-10-00075-CR, 2010 WL 3431681 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication) (*Martin II*). The district court denied the motion. On appeal, this Court determined that Martin's motion was substantively a post-conviction writ of habeas corpus because he challenged the jurisdiction of the district court. *Id.* at *2; *see Ex parte Johnson*, 541 S.W.3d 827, 829 (Tex. Crim. App. 2017) ("In general, habeas relief is available only for jurisdictional defects and violations of constitutional and fundamental rights.") (cleaned up). We dismissed Martin's appeal of that order for want of jurisdiction because:

> If a person is in custody, article 11.07 of the code of criminal procedure governs the manner by which he may seek post-conviction habeas corpus relief from a final felony conviction. *Ex parte Williams*, 239 S.W.3d 859, 861-62 (Tex. App.—Austin 2007, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 11.07. Because Martin is in custody pursuant to a felony conviction, exclusive habeas corpus jurisdiction has been given to the court of criminal appeals by article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3(a), 5.

*Martin II*, 2010 WL 3431681, at *2.

Our reasoning in *Martin II* applies equally here. Martin remains in custody and similarly argues that his conviction should be aside because the district court lacked jurisdiction over

him. For the reasons set out in *Martin II*, we dismiss this appeal for want of jurisdiction.[1] *See id.*; *see also Foster v. State*, No. 01-16-00017-CR, 2016 WL 1388985, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 7, 2016, no pet.) (mem. op., not designated for publication) (dismissing inmate's appeal of post-conviction motion for reduction in sentence because it amounted to an application for habeas relief).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:   August 24, 2018

Do Not Publish

_____

[1] We dismiss Martin's pending "Motion for Stay and Abeyance" as moot.