DISMISSED and Opinion Filed August 15, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00870-CV

## IN RE ROBERT JOSEPH SCHMITT, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81160-00**

# MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Bridges

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on his "Motion to Alter or Amend the Judgment to Correct an Unauthorized and Illegal Sentence. Relator is currently serving a twenty-year sentence for two counts of aggravated sexual assault of a child.

On May 24, 2019, the Court dismissed for want of jurisdiction relator's earlier petition for writ of mandamus seeking the same relief he seeks under the current petition. *See In re Schmitt*, No. 05-19-00590-CV, 2019 WL 2266661 (Tex. App.—Dallas May 28, 2019 orig. proceeding). In that opinion, the Court held relator was attempting to raise a collateral attack on a final conviction that would fall within the scope of a post-conviction article 11.07 writ of habeas corpus. *Id*. at 2019 WL 2266661, at *1; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1. Although relator had not filed a copy of the motion to alter or amend the judgment, from the title and the description of it, the Court construed the motion as an article 11.07 writ application. *See Schmitt*, 2019 WL

2266661, at *1. The Court dismissed the petition for want of jurisdiction because only the court of criminal appeals has jurisdiction to order a trial court to rule on a pending article 11.07 writ application. *See id.*; *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013); *In re Ward*, No. 12-15-00142-CR, 2015 WL 3505189, at *1 (Tex App.—Tyler June 3, 2015, orig. proceeding) (mem. op.) (not designated for publication).

In the present case, relator has merely refiled the earlier petition for writ of mandamus and attached a copy of the motion. The motion makes a collateral attack upon the validity of the judgment and seeks what should be characterized as 11.07 relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §1; *Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin 2007, no pet.) (holding article 11.07 is exclusive remedy for applicant confined under allegedly illegal consecutive sentences); *In re Tenberg*, No. 13-09-00612-CR, 2010 WL 127555 (Tex. App.—Corpus Christi-Edinburg (Jan. 14, 2010 orig. proceeding) (denying mandamus relief for failure to rule on motion to correct improperly cumulated sentences because improper cumulation of sentences is subject to habeas relief).[1] This Court has already held that we have no jurisdiction over this matter. *See Schmitt*, 2019 WL 2266661, at *1.

We dismiss this proceeding for want of jurisdiction.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

190870F.P05

---

[1] In fact, the court of criminal appeals has already concluded relator's claim should have been brought on direct appeal or in an application for article 11.07 habeas relief. *See State v. Schmitt*, No. PD-0594-11, 2012 WL 3996813, at *3 (Tex. Crim. App. Sep. 12, 2012).

–2–