

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00154-CR

———————————————

JOHN ROGER LEYHE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1273530D

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

John Roger Leyhe, proceeding pro se, has filed a "Petition for Out-of-Time Appeal," asking for permission to file an out-of-time appeal from his April 11, 2013 first-degree felony conviction for aggravated assault of a family member with a deadly weapon.[1] *See* Tex. Penal Code Ann. § 22.02(b)(1).

We do not have jurisdiction over matters related to postconviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). We thus notified Leyhe of our concern that we lack jurisdiction over this appeal. We warned him that we could dismiss this appeal for want of jurisdiction unless he or any party wanting to continue the appeal filed a response by November 20, 2020, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Leyhe requested an extension of time to file a response. We granted his request and extended his response deadline to December 8, 2020. Despite this extension, we have not received a response.

The exclusive postconviction remedy from a final felony conviction is through a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.

---

[1]Leyhe originally filed his petition with the Tarrant County District Clerk, who forwarded it to us.

*See* Tex. Code Crim. Proc. Ann. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996). As we stated in our letter to Leyhe, his avenue for seeking an out-of-time appeal is filing an Article 11.07 habeas application with the Tarrant County District Clerk's Office; we do not have jurisdiction to consider Leyhe's request for an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(b); *Ex parte Williams*, 239 S.W.3d 859, 861 (Tex. App.—Austin 2007, no pet.) (explaining that an Article 11.07 habeas application is filed in the district court but that the district court does not decide the merits of the application; instead, it determines whether there are unresolved fact issues, makes any necessary fact findings, and forwards the record to the Texas Court of Criminal Appeals for a final ruling on the application); *see also Ater*, 802 S.W.2d at 243 (stating that the Texas Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings"); *Tarver v. State*, No. 02-12-00447-CR, 2012 WL 5356308, at *1 (Tex. App.—Fort Worth Nov. 1, 2012, no pet.) (per curiam) (mem. op., not designated for publication) ("The remedy for a defendant with a final felony conviction who seeks an out-of-time appeal is by way of post-conviction writ of habeas corpus under article 11.07 of the code of criminal procedure.").

Because we are without jurisdiction to consider Leyhe's petition for an out-of-time appeal, we dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 14, 2021

---

[2]Leyhe's petition included a "Motion for Appointment of Appellate Counsel." We deny the motion.