# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00080-CV

### Ex parte Earnest Lee Glover, Appellant

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-008912, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In December 2019, Earnest Lee Glover filed a petition for original habeas corpus with the trial court. Glover styled his petition as a civil lawsuit, naming Lorie Davis as defendant, but he sought habeas relief, to have his judgment of conviction set aside and to be released from custody.[1] Glover filed a notice of appeal from the trial court's order granting Davis's plea to the jurisdiction and dismissing his claims for lack of subject matter jurisdiction.

On July 15, 2021, this Court informed Glover that it appeared that this Court lacked jurisdiction over this appeal. *See* Tex. Code Crim. Proc. art. 11.07 (setting forth procedure for writ of habeas corpus); *In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin

---

[1] According to offender information details attached to the plea to the jurisdiction before the trial court, Glover was sentenced in 2007 to two counts of aggravated sexual assault and is serving sentences of confinement for ninety-nine years.

2007, no pet.).[2]  This Court also directed him to file a response on or before July 26, 2021, explaining how this Court may exercise jurisdiction over this appeal.  To date, appellant has not filed a response.  Accordingly, we dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Dismissed for Want of Jurisdiction

Filed:   December 22, 2021

---

[2] *See also McClure v. State*, No. 03-13-00226-CR, 2013 Tex. App. LEXIS 7184, at *1–2 (Tex. App.—Austin June 13, 2013, no pet.) (mem. op., not designated for publication) ("The intermediate courts of appeal have no role in criminal law matters pertaining to proceedings initiated under article 11.07.")