# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00019-CV

### In re Jerel Smith

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Following a bench trial, relator Jerel Smith was convicted of the second-degree felony offenses of aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury and was sentenced to nine years' imprisonment for each offense, with the sentences to run concurrently. On appeal, this Court affirmed Smith's conviction for aggravated assault with a deadly weapon but reversed and vacated his conviction for aggravated assault causing serious bodily injury, concluding that both convictions arose out of the same criminal conduct and thus violated double jeopardy. *See Smith v. State*, No. 03-17-00694-CR, 2019 WL 2426595, at *12-13 (Tex. App.—Austin June 11, 2019, pet. ref'd) (mem. op., not designated for publication). Smith subsequently filed multiple petitions for writ of mandamus that this Court either denied or dismissed.[1]

---

[1] *See In re Smith*, No. 03-23-00287-CV, 2023 WL 4277360, at *1 (Tex. App.—Austin June 30, 2023, orig. proceeding) (mem. op.); *In re Smith*, No. 03-22-00667-CV, 2022 WL 16530871, at *1 (Tex. App.—Austin Oct. 28, 2022, orig. proceeding) (mem. op.); *In re Smith*, No. 03-21-00642-CV, 2021 WL 5911973, at *1 (Tex. App.—Austin Dec. 15, 2021, orig. proceeding) (mem. op.); *In re Smith*, No. 03-21-00359-CV, 2021 WL 3571335, at *1 (Tex. App.—Austin Aug. 13, 2021, orig. proceeding) (mem. op.); *In re Smith*, No. 03-21-00331-CV, 2021 WL 3118421, at *1 (Tex. App.—Austin July 22, 2021, orig. proceeding) (mem. op.); *In re Smith*, No. 03-21-00188-CV, 2021 WL 1773512, at *1 (Tex. App.—Austin May 5, 2021, orig.

Smith has now filed in this Court an "original application for writ of habeas corpus" challenging the legality of his aggravated-assault conviction. "The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law." *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, no pet.); *see* Tex. Const. art. V, § 6. Our original jurisdiction to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Tex. Gov't Code § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). Consequently, we lack original habeas corpus jurisdiction in criminal matters. *Braswell*, 630 S.W.3d at 601–02; *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.).

Moreover, article 11.07 of the Code of Criminal Procedure provides the exclusive procedure by which a person confined as a result of a final felony conviction may seek post-conviction habeas relief. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5; *Ex parte Williams*, 239 S.W.3d 859, 861–62 (Tex. App.—Austin 2007, no pet.). Pursuant to article 11.07, only the Court of Criminal Appeals has jurisdiction "to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

We dismiss Smith's application for writ of habeas corpus for want of jurisdiction.

_____

Gisela D. Triana, Justice

_____

proceeding) (mem. op.); *In re Smith*, No. 03-19-00734-CV, 2019 WL 6121405 at *1 (Tex. App.—Austin Nov. 19, 2019, orig. proceeding) (mem. op.).

Before Chief Justice Byrne, Justices Triana and Smith

Filed:   January 17, 2024