# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00177-CV

---

**In re Tony Cervantes**

---

## ORIGINAL PROCEEDING FROM MILAM COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Tony Cervantes, an inmate in the Texas Department of Criminal Justice, has filed a petition for writ of habeas corpus complaining of an assortment of issues in the underlying criminal matter. "The Texas Constitution grants courts of appeals original jurisdiction only where specifically prescribed by law." *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, no pet.); see Tex. Const. art. V, § 6. Our original jurisdiction to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Tex. Gov't Code § 22.221(d); *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). Consequently, we lack original habeas corpus jurisdiction in criminal matters. *Braswell*, 630 S.W. 3d at 601–02; Queen v. State, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.). Moreover, article 11.06(c) of the Code of Criminal Procedure provides the procedure by which a person finally convicted in a misdemeanor case may seek post-conviction habeas relief. *See* Tex. Code Crim. Proc. art. 11.06(c); *Ex parte Williams*, 239 S.W.3d 859, 861–62 (Tex. App.—Austin 2007,

no pet.). Pursuant to that article, "the writ must be made returnable to the county in which the applicant was convicted." Tex. Code Crim. Proc. art. 11.06(c). Accordingly, we dismiss Cervantes's petition for want of jurisdiction.

_____

Gisela Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: March 15, 2024