# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00625-CR

---

**Ex parte Andre Jackson-El**

---

**FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-16-302285, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Andre Jackson-El, an inmate in the Texas Department of Criminal Justice, seeks to appeal from the trial court's denial of his post-conviction application for writ of habeas corpus, in which he challenged his conviction for murder[1] and the denial of a previous habeas application filed pursuant to article 11.07 of the Texas Code of Criminal Procedure.[2] *See* Tex. Code Crim. Proc. art. 11.07 (establishing "the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death"). Although the present application was purportedly filed pursuant to article I, section 12 of the Texas Constitution and article 11.05 of the Code of Criminal Procedure, *see* Tex. Const. art. I, § 12 (providing that "[t]he writ of Habeas Corpus is a writ of right, and shall never be

---

[1] We affirmed Jackson-El's murder conviction in *Jackson v. State*, No. 03-18-00417-CR, 2020 WL 2203306, at *5 (Tex. App.—Austin May 6, 2020, pet. ref'd) (mem. op., not designated for publication).

[2] We take judicial notice that the Texas Court of Criminal Appeals denied Jackson-El's article 11.07 habeas application without written order on February 2, 2022. *See Ex parte Jackson*, WR-92,931-02 (Tex. Crim. App. Feb. 2, 2022).

suspended"); Tex. Code Crim. Proc. art. 11.05 (granting original habeas jurisdiction to "[t]he court of criminal appeals, the district courts, the county courts, or any judge of those courts"), the complaints asserted by Jackson-El are the sort of claims that must be raised by way of a post-conviction application for writ of habeas corpus under article 11.07.[3] *See* Tex. Code Crim. Proc. art. 11.07, § 5; *see also Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) ("[T]he exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.").

Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07, § 3(a); *see also Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."). Because Jackson-El is imprisoned as a result of a final felony conviction, article 11.07 provides the exclusive procedure by which he may seek post-conviction habeas corpus relief from his conviction. *See Ex parte Williams*, 239 S.W.3d 859, 862 (Tex. App.—Austin 2007, no pet.) (dismissing appeal from denial of habeas application purportedly brought under article V, section 9 of Texas Constitution and article 11.05 of Code of Criminal Procedure).

---

[3] This includes Jackson-El's claim that the trial court lacked jurisdiction to oversee his murder trial. *See Martin v. State*, No. 03-10-00075-CR, 2010 WL 3431681, at *2 (Tex. App.—Austin Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication) (construing appeal from denial of motion to vacate conviction, in which appellant argued that trial court lacked subject-matter jurisdiction to hear case, as article 11.07 habeas application and dismissing appeal for want of jurisdiction).

To the extent that Jackson-El seeks review of the Court of Criminal Appeals' denial of his prior 11.07 application for writ of habeas corpus, we do not have jurisdiction to review decisions of the Court of Criminal Appeals. The Court of Criminal Appeals is the final authority in criminal matters. *See* Tex. Const. art. V, § 5(a) (declaring that Court of Criminal Appeals is final authority for criminal law in Texas: "its determinations shall be final, in all criminal cases of whatever grade"); *see also Moore v. Texas*, 137 S. Ct. 1039, 1044 n.1 (2017) (recognizing that "The CCA is Texas' court of last resort in criminal cases" (citing Tex. Const. art. V, § 5)). Moreover, we have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07, including appellate review of applications denied by the Court of Criminal Appeals. *See In re Garcia*, 363 S.W.3d 819, 822 n.4 (Tex. App.—Austin 2012, no pet.) ("Courts of appeals have no jurisdiction over criminal-law matters pertaining to proceedings under article 11.07."); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (observing that intermediate appellate courts lack jurisdiction over "post-conviction writs of habeas corpus in felony cases" under article 11.07).

Accordingly, this appeal is dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   December 6, 2024

Do Not Publish